1

2                                                        O

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         WESTERN DIVISION

11                                    )    Case No.  CV 10-7765 CAS
                                      )             CV 10-8073 CAS
12    UNITED STATES OF AMERICA        )             (CR 09-306 CAS)
                                      )
13                                    )
          Plaintiff/Respondent,)      **ORDER DENYING PETITIONER'S**
14    vs.                             )    **MOTION TO VACATE, SET ASIDE,**
                                      )    **OR CORRECT HIS SENTENCE**
15                                    )    **PURSUANT TO 28 U.S.C. § 2255**
      M A R I O   H E C T O R   J U A R E Z)
16    ALCANTAR,                       )
                                      )
17                                    )
          Defendant/Petitioner.)
18                                    )
      _____
19

20   **I.    INTRODUCTION**

21          On October 18, 2010, petitioner filed a motion to vacate, set aside, or correct his

22   sentence pursuant to 28 U.S.C.§ 2255.  On October 26, 2010, petitioner filed a second,

23   identical motion under 28 U.S.C. § 2255.  The government filed its opposition on

24   November 29, 2010.  Petitioner did not file a reply.  The motions are currently before

25   the Court.

26   **II.    BACKGROUND**

27          On March 31, 2009, the parties filed a binding plea agreement pursuant

28   Fed. R. Crim. Pro. 11(c)(1)(C) in which petitioner agreed to plead guilty to one count of

     Illegal Alien Found in the United States Following Deportation, in violation of 8 U.S.C.

§§ 1326(a) and (b)(2).  The binding plea agreement provided that petitioner's total offense level was 17, which included a 16-level enhancement for a prior drug trafficking conviction, plus a 4-level reduction for early disposition pursuant to U.S.S.G. § 5K3.1.  Specifically, the 16-level enhancement was based on petitioner's prior conviction for Possession for Sale of Cocaine Hydrochloride, in violation of California Penal Code § 11351, and Possession for Sale of Methamphetamine, in violation of California Penal Code § 11378, for which petitioner was sentenced to six years imprisonment and ultimately deported on December 20, 1999.  Exhibit A to Opp.

As part of the plea agreement, the parties agreed that petitioner should be sentenced to the low end of the applicable Guidelines range for an offense level 17 and the criminal history category to be determined by the Court.

On May 6, 2009, petitioner pled guilty to the single count information.  On October 22, 2009, petitioner, through his prior counsel, filed his sentencing petition, requesting a sentence of 27 months imprisonment, which represented the low end of the Guidelines range for an offense level 17 and a criminal history category of II.  On November 3, 2009, the government filed its sentencing position, also recommending a 27-month sentence based upon a total offense level of 17 and criminal history category II. On November 23, 2009, the Court sentenced petitioner to 27 months imprisonment.

III.   **LEGAL STANDARD**

    A.   **28 U.S.C. § 2255**

In deciding a  motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, a court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989).  Furthermore, § 2255 motions based on alleged occurrences outside the record often require an evidentiary hearing.  E.g. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).  However, when a movant's credibility is at issue, no evidentiary hearing is required if the issue of credibility can be "conclusively decided on the basis of

documentary testimony and evidence in the record." <u>United States v. Espinoza</u>, 866 F.2d 1067, 1069 (9th Cir. 1989).

### B.    Ineffective Assistance of Counsel

To the extent petitioner claims ineffective assistance of counsel, petitioner must meet the standard for evaluating a Sixth Amendment ineffective assistance of counsel claim set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A lawyer's performance is constitutionally deficient only when it "so undermines the proper functioning of the adversarial process that the [proceedings] cannot be relied upon as hav[ing] produced a just result." <u>Strickland</u>, 466 U.S. at 687. A petitioner claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case, (1) his counsel's performance was so deficient that it fell below an "objective standard of reasonableness" and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Hensley v. Crist</u>, 67 F.3d 181, 184-85 (9th Cir. 1995). Furthermore, "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." <u>United States v. Ferreira-Alameda</u>, 815 F.2d 1251, 1253 (9th Cir. 1987).

### IV.    DISCUSSION

Petitioner argues that he received ineffective assistance of counsel in violation of the Sixth Amendment and therefore, his sentence should be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Petitioner lists six reasons in support of his position: (1) his counsel, Jennifer J. Uyeda, "failed to argue for [defendant's] minimum security confinement, drug program and prelease [sic] custody as a result of his status as a deportable alien;" (2) the disparity of sentencing between "american [sic] inmates and aliens" violates the Equal Protection Clause of the Fourteenth Amendment and peitioner's sentence should be "corrected with a two points downward departure from his sentence;" (3) the Sentencing Guidelines were incorrectly applied, resulting in an

improper sentence; (4) petitioner's sentence is greater than necessary to "meet the sentencing goal;," (5) he should not have been subjected to a level 16 aggravated felony based on his prior drug trafficking conviction; and (6) counsel was ineffective as she failed to file a timely appeal, Mot. at 5-8.

In response, the government argues that (1) a sentencing court lacks the authority to order a defendant incarcerated at a particular facility or that he be placed in a drug treatment program; (2) the petitioner's status as a alien is "not relevant" because he was convicted of a Section 1326 offense, and only aliens can sustain such convictions; (3) petitioner was barred from arguing for any departures at sentencing by the terms of his binding plea agreement and the detainer on petitioner "merely allows [petitioner] to be taken into custody of U.S. Immigration and Customs Enforcement following the completion of his sentence" and thus has no bearing on his sentencing; (4) the sentence was reasonable in light of the petitioner's prior drug conviction; and (5) defense counsel was not ineffective for failing to file an appeal since there is no proper basis for an appeal as the sentence comported to the terms contemplated under the plea agreement, Opp. at 8-11.[1]

The Court finds that petitioner has not sufficiently established a claim for ineffective assistance of counsel. Pursuant to 18 U.S.C. § 3621, this Court does not have the authority to designate a place of imprisonment. Rather, that authority rests

---

[1]The government also argues that while petitioner's ineffective assistance of counsel claim results in a waiver of the attorney-client privilege as to communications with his former counsel relevant to this claim, it believes that petitioner's ineffective assistance claim can be resolved against petitioner without disclosure of communications between petitioner and his former counsel, and without the need for the parties and the Court to engage in the "time-consuming procedures to disclose such information." Opp. at 8 n.2. However, should the Court disagree, the government requests the Court find a limited waiver of the attorney-client privilege and permit the government to submit a filing setting forth procedures for implementing the waiver and requesting a briefing schedule to further address petitioner's ineffective assistance claim. Id. In this case, the Court concludes that there is no need to order defense counsel to testify.

4

with the Bureau of Prisons. 18 U.S.C. § 3621 (b) (authority given to the Bureau of Prisons to designate the facility for a prisoner's incarceration). Therefore, defense counsel was not ineffective by failing to request a minimum security prison or a drug treatment center. Additionally, the Court finds no violation of the Equal Protection Clause of the Fourteenth Amendment, as petitioner pled guilty to a crime only applicable to non-citizens. Therefore, there can be no disparity in sentencing between citizens of the United States and non-citizens. Furthermore, the Court finds that in light of the previous drug trafficking conviction, a 16-level enhancement of his offense level was appropriate and thus, the 27-month sentence was reasonable under the Guidelines. U.S.S.G. § 2L1(b)(1)(A)(i). Accordingly, the Court finds that petitioner's sentence should not be vacated, set aside or corrected.

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby DENIES petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: June 17, 2011

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE